IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **MARVIN'S MIDTOWN CHIROPRACTIC CLINIC, LLC,** Individually and as Class Representative )<br>)<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>)<br>)<br>**AMERICAN FAMILY INSURANCE COMPANY** )<br><u>Serve at:</u> )<br>**Missouri Department of Insurance, Financial Institutions and Professional Registration, c/o Director of Insurance** )<br>**301 West High Street, Room 530** )<br>**Jefferson City, Missouri 65101** )<br>)<br>**Defendant.** ) | Case No.: _____<br>Division: _____ |

## CLASS ACTION COMPLAINT

Plaintiff states as follows for their class action complaint for damages:

## INTRODUCTION

1. This lawsuit seeks certification for a Rule 23(b)(3) class seeking damages as a result of American Family Insurance Company's ("American Family") scheme as described in this pleading. In sum, American Family receives an assignment of benefits from a "Provider" as set forth in Section 376.427, later receives a valid claim for benefits/payment from medical-payment insurance from

the "Provider," and, then, in violation of Section 376.427, refuses to issue payment directly to the "Provider."

2. Section 376.427 allows an "Insured" to receive post-accident treatment without requiring an immediate payment to his or her health care "Provider."

3. Instead, an "Insured" can agree to an assignment of benefits, granting the "Provider" the right to collect payment from applicable medical-payment insurance.[1]

4. After propounding an assignment of benefits to an "Insurer," a "Provider" is entitled to direct payment from the "Insurer" for care rendered to the "Insured."

5. Section 376.427.1 defines the following terms:

   a. (1) **"Health care services"**, medical, surgical, dental, podiatric, pharmaceutical, chiropractic, licensed ambulance service, and optometric services;

   b. (2) **"Insured"**, any person entitled to benefits under a contract of accident and sickness insurance, or medical-payment insurance issued as a supplement to liability insurance but not

---

[1] For example, Exhibits A and B are assignments of benefits granted by "Insured[s]" to Plaintiff and Class Representative Marvin's Midtown Chiropractic Clinic, LLC ("Marvin's").

> including any other coverages contained in a liability or a workers' compensation policy, issued by an insurer;
>
> c. (3) **"Insurer"**, any person, reciprocal exchange, interinsurer, fraternal benefit society, health services corporation, self-insured group arrangement to the extent not prohibited by federal law, or any other legal entity engaged in the business of insurance;
>
> d. (4) **"Provider"**, a physician, hospital, dentist, podiatrist, chiropractor, pharmacy, licensed ambulance service, or optometrist, licensed by this state.

Emphasis in original.

6. Section 376.427.2 requires payment from an "Insurer" be made "in the name of the [P]rovider," and issued directly to the "Provider":

> "Upon receipt of an assignment of benefits made by the insured to a provider, ***the insurer shall issue*** the instrument of payment for a claim for ***payment for health care services in the name of the provider***.

Emphasis added.

7. Concisely, by lawful operation of Section 376.427, an "Insurer" is required to issue payment for medical-payment insurance benefits directly to a "Provider" who has propounded an assignment of benefits. When a "Provider" has propounded an assignment of benefits, the "Insurer" has ***no discretion*** to send payment for benefits to any party except for the "Provider."

3

## THE PARTIES, JURISDICTION, AND VENUE

8. Plaintiff and Class Representative Marvin's Midtown Chiropractic Clinic, LLC, ("Marvin's") is a Missouri Corporation with its principal place of business located at 1200 South Outer Road, Blue Springs, MO 64015.

9. The remaining class members consist solely of "Provider[s]," as defined by Section 376.427.1(4), who are Missouri citizens.

10. Defendant American Family Insurance Company ("American Family" or "Defendant") is an Ohio Corporation with its principal place of business located at its headquarters at 6000 American Parkway, Madison, Wisconsin 53783. Defendant American Family can be served at the Missouri Department of Insurance, Financial Institutions and Professional Registration, c/o Director of Insurance, 301 West High Street, Room 530, Jefferson City, Missouri 65101.

11. Personal jurisdiction is proper over American Family as American Family has a registered agent in Missouri, it transacts business in Missouri directly and through agents directly related to this law suit, committed the tortious acts underlying this suit in Missouri directly and through agents. Further, American Family regularly invokes the benefits of Missouri's judicial system for its own benefit and should reasonably anticipate being haled into a Missouri court.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C Section 1332(d).

13. Venue is proper pursuant to 28 U.S.C. 1391(b).

**BACKGROUND**

14. In July 2014, Mr. Eldon Hughlon executed an assignment of benefits in favor of Marvin's. *See* Exhibit A.

15. Mr. Hughlon received medical treatment from Marvin's based on the assignment of benefits.

16. Marvin's delivered a copy of the assignment of benefits to American Family.

17. Marvin's submitted all necessary supporting documents and a bill to American Family for payment from the applicable medical payment insurance.

18. Instead of sending payment directly to Marvin's as required by Section 376.427, American Family sent payment to the law firm hired by Mr. Hughlon to pursue his underlying personal injury claim.

19. In response to a letter from Marvin's seeking payment, American Family told Marvin's it was not required to comply with Section 376.427:

> "We are in receipt of your letter dated 01/27/15 regarding payment of your services to the above injured party. Please be advised the most current case law regarding liens and assignment of benefits can be found in the Missouri Court of Appeals case 'Huey v. Meek Chiropractic, SD 32286.' The case was filed 04/29/13 and did not grant Meek Chiropractic direct payment. Therefore, we are unable to accommodate your request for the reimbursement."

Exhibit B.

20. *Huey*, though, explicitly states its holding does not apply to a claim for medical payments under an assignment of benefits:

> The undisputed facts show Huey is seeking recovery on a personal injury claim. The insurance policy that would be involved in such a case would be a liability policy. Hence, section 376.427 does not apply.

*Huey v. Meek*, 419 S.W.3d 875, 882 (Mo. App. 2013).

21. To date, American Family has not issued payment to Marvin's for the "Health care services" it rendered to Mr. Hughlon.

22. In February 2016, Mrs. Sandy Chaney executed an assignment of benefits in favor of Marvin's. *See* Exhibit A.

23. Mrs. Chaney received medical treatment from Marvin's based on the assignment of benefits.

24. Marvin's forwarded a copy of the assignment of benefits to American Family.

25. Marvin's submitted supporting documents and a bill to American Family for payment from the applicable medical payment insurance.

26. Instead of sending payment directly to Marvin's, American Family sent payment directly to Mrs. Chaney.

27. To date, American Family has not issued payment to Marvin's for the "Health care services" it rendered to Mrs. Chaney.

## **THIS IS A RULE 23(b)(3) CLASS ACTION:**

28. American Family is engaging in a pattern and practice and/or common scheme in which it refuses payment of valid claims pursuant to an assignment of benefits.

29. American Family's pattern and practice and/or common scheme results in a massive monetary gain. American Family satisfies demands for payment from medical-payment coverage by delivering payment to "Insured[s]" or counsel to the "Insured[s]." As a result, American Family is able to settle claims for significantly less than if the payment were lawfully made pursuant to an assignment of benefits. As a result, American Family realizes significant but unwarranted gains.

30. This action is brought by Marvin's individually and as a representative of the classes defined herein.

31. Plaintiff's proposed class consists of:

All Missouri "Providers" within the applicable statute of limitations who (1) propounded an assignment of benefits to American Family and (2) whose claims for payments from a policy of "medical-payment insurance" were not issued directly to the "Provider."

32. Plaintiffs reserve the right to amend the class definition as necessary.

33. The class meets the requirement for numerosity because there are thousands of Missouri citizens who, as "Provider[s]" suffered losses as a result of American Family's conduct.

7

34. The class meets the requirement for commonality because there are numerous questions of law and/or fact common to the class's claims, including but not limited to:

    a. Whether the payments made by American Family were subject to Section 376.427?

    b. Whether American Family had a duty to directly make payments to "Provider[s]" under Section 376.427?

    c. Whether American Family breached that duty in making payments to "Insured[s]" or their attorneys?

    d. Whether American Family's conduct was of the requisite gravity or seriousness to give rise to liability for punitive damages, and the amount of punitive damages to be awarded to the class?

35. The class meets the requirement for typicality because the class members share the same interests and have suffered the same injury.

36. The class meets the requirement for adequacy because Marvin's will fairly and adequately protect the interests of the class; Marvin's shares the same interest and suffered the same injury as all other class members.

37. The class meets the requirement for predominance because the claims of the class or any defenses thereto present important common questions of law and or fact, the disposition of which will materially advance the adjudication of the class's claims and make class certification appropriate and in the interests of

justice. Predominance is met because American Family engaged in a common course of conduct that injured all class members in the same manner.

38. Class treatment of these claims provides a fair and efficient method for the immediate adjudication of the claims herein and is superior to proceeding on an individual case by case adjudication which would dramatically increase the costs and time necessary to dispose of these claims, effectively and as a practical matter denying class members of relief or subjecting class members to inconsistent and varying adjudications.

## **COUNT I NEGLIGENCE**

39. Plaintiffs incorporate each and every allegation in this complaint to the extent that they do not conflict with the allegations set forth in this count.

40. American Family owed a duty of ordinary care to Plaintiffs.

41. American Family breached the duty of ordinary care it owed to Plaintiffs and was negligent in the following respects:

    a. Failing to make payments to "Provider[s]" pursuant to an assignment of benefits; and

    b. Delivering payments for "medical-payment insurance" directly to the "Insured[s]" or their attorneys.

42. As a direct and proximate result of American Family's negligent acts and omissions, Plaintiffs have been caused to suffer damages and are entitled to fair and reasonable compensation.

9

Case 4:17-cv-00996-DGK   Document 1   Filed 11/29/17   Page 9 of 12

43. Further, the conduct of American Family showed complete indifference to and/or reckless disregard for the rights of others from which malice may be inferred, justifying the imposition of punitive damages. American Family put profit ahead of Marvin's rights and the rights of all class members.

Wherefore, Plaintiffs pray this Court enter judgment against American Family for a reasonable sum of damages as will fairly and justly compensate Marvin's and Plaintiffs, for punitive damages in such sum as will serve to punish American Family and others from engaging in like conduct, for costs incurred herein, and for such other relief as deemed just and appropriate.

## **COUNT II NEGLIGENCE PER SE**

44. Plaintiffs incorporate each and every allegation in this complaint to the extent that they do not conflict with the allegations set forth in this count.

45. Plaintiffs' injuries as described in this Complaint are the direct and proximate result of American Family's violations of Section 376.427 in one or more of the following ways:

    a. Failing to make payments to "Provider[s]" pursuant to an assignment of benefits; and

    b. Delivering payments for "medical-payment insurance" directly to the "Insured[s]" or their attorneys.

46. Section 376.427 was enacted to protect Missouri "Provider[s]" from conduct such as that by American Family as described in this Complaint.

47. At the time that American Family violated Section 376.427, Marvin's was a "Provider" and this belonged to the class of persons that Section 376.427 is intended to protect.

48. As a direct and proximate result of American Family's violations of Section 376.427, Plaintiffs have been caused to suffer damages and are entitled to fair and reasonable compensation.

49. Further, the conduct of American Family showed complete indifference to and/or reckless disregard for the rights of others from which malice may be inferred, justifying the imposition of punitive damages. American Family put profit ahead of Marvin's rights and the rights of all class members.

Wherefore, Plaintiffs pray this Court enter judgment against American Family for a reasonable sum of damages as will fairly and justly compensate Marvin's and Plaintiffs, for punitive damages in such sum as will serve to punish American Family and others from engaging in like conduct, for costs incurred herein, and for such other relief as deemed just and appropriate.

**<u>PLAINTIFFS HEREBY DEMAND TRIAL BY JURY</u>**

Dated: November 29, 2017

Respectfully Submitted,

**LANGDON & EMISON**

/s/ J. Kent Emison
| | |
|---|---|
| Robert L. Langdon | MO#23233 |
| J. Kent Emison | MO#29721 |
| Brett A. Emison | MO#52072 |
| Cory L. Atkins | MO#59696 |

11

LANGDON & EMISON, LLC
911 Main Street, P.O. Box 220
Lexington, MO 64067
Telephone: (660) 259-6175
Facsimile: (660) 259-4571
Bob@lelaw.com
Kent@lelaw.com
Brett@lelaw.com
Cory@lelaw.com