| | | |
|---|---|---|
| MARVIN'S MIDTOWN CHIROPRACTIC CLINIC, LLC, Individually and as Class Representative | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No.: 4:17-cv-00996-DGK |
| AMERICAN FAMILY INSURANCE COMPANY | ) ) ) ) | |
| Defendant. | ) | |

### PLAINTIFFS' MOTION AND SUGGESTIONS IN SUPPORT TO STRIKE NEW ARGUMENTS IN DEFENDANT'S REPLY MEMORANDUM OR, ALTERNATIVELY, FOR LEAVE TO FILE SURREPLY

COME NOW Plaintiffs by and through its undersigned counsel, and hereby move the Court to disregard and strike new arguments presented for the first time in Defendant's Reply Memorandum in Support of Its Motion to Dismiss. In the alternative, Plaintiffs move this Court to allow Plaintiffs to file a surreply to address these new arguments. As grounds for their motion, Plaintiffs state as follows:

1.      Defendant filed a Motion to Dismiss and Memorandum in Support on April 2, 2018. Defendant alleged, in part, that Plaintiffs' negligence claim was not sufficiently pleaded to allege duty and, relying on *Huey v. Meek*, 419 S.W.3d 875 (Mo. App. S.D. 2013), that the assignment of benefits at issue was void as against public policy.

2.      Plaintiffs filed a Response in Opposition to Defendant's Motion on April 16, 2018 in which Plaintiffs addressed the insufficiency of Defendant's arguments, specifically

1

that Plaintiffs had sufficiently pleaded a duty in its Amended Complaint and pointing to those paragraphs in the Amended Complaint in which it did so and refuting Defendant's argument that the assignment here is invalid based on *Huey* because that case in inapposite as it involved different facts than those present here.

4.     Defendant's Reply attempts to raise a new argument regarding Plaintiffs' negligence claim, i.e. that Plaintiffs' negligence claim is nothing more than a second attempt at a negligence per se claim. Plaintiffs' Amended Complaint did not change between Defendant's Motion and its Reply. Defendant could have raised this argument initially. Instead, Defendant claimed Plaintiffs failed to plead any duty on the part of Defendant. Plaintiffs pointed out in their Response the allegations in which they did so plead.

5.     The Reply also attempts to raise a new argument by implication that the assignment at issue here is invalid as being inseverable. In essence, Defendant argues that because Plaintiffs have not provided authority that the assignment of benefits provisions it seeks to enforce are severable to the extent necessary to be found valid, this Court should find the entirety of the assignments of benefits invalid. This is the first mention of severability made by Defendant. What's more, Defendant still does not claim the assignment at issue here is not severable. Instead, it attempts to attack Plaintiffs for failing to cite authority for a proposition which was not properly raised by Defendant and thus not necessary for Plaintiff to provide authority on.

6.     Because Defendant's recasted arguments were not submitted with their original motion, Plaintiffs have not had an opportunity to meaningfully respond to

Defendant's Motion to Dismiss. Any decision regarding the motion to dismiss would be severely prejudicial to Plaintiffs due to Defendant's failure to include all arguments on which it seeks to rely in its original motion.

7. Where a moving party makes affirmative arguments for the first time in a reply memorandum, further briefing is warranted. *See Hubbard v. Specialized Support Servs., Inc.*, No. 03-6121-CV-W-FJG, 2005 WL 2319852, *3 (W.D. Mo. Sept. 19, 2005) (granting motion for leave to file surreply where party raised argument for first time in reply).

8. The Court should disregard all of Defendant's arguments in the Reply to the extent that such arguments are additional to arguments previously made by Defendant.

9. Alternatively, the Court should allow Plaintiffs an opportunity to respond to the new arguments submitted by Defendant. Plaintiffs have attached a proposed Surreply addressing these issues hereto as Exhibit A.

WHEREFORE Plaintiffs pray that this Court disregard or strike all new arguments submitted in Defendant's Reply. In the alternative, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the attached Surreply to directly address Defendant's new arguments and such other and further relief that the Court deems just and appropriate.

Dated: May 11, 2018

Respectfully Submitted,

**LANGDON & EMISON**

/s/ Brett A. Emison
Brett A. Emison   MO#52072
J. Kent Emison    MO#29721
Robert L. Langdon  MO#23233
LANGDON & EMISON, LLC
911 Main Street, P.O. Box 220
Lexington, MO 64067
Telephone: (660) 259-6175
Facsimile: (660) 259-4571
brett@lelaw.com
kent@lelaw.com
bob@lelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/Brett A. Emison
ATTORNEY FOR PLAINTIFF
Marvin's Midtown Chiropractic, LLC