IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARVIN'S MIDTOWN CHIROPRACTIC CLINIC, LLC, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:17-CV-0996-DGK |
| v. | ) ) | |
| AMERICAN FAMILY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ORDER PARTIALLY GRANTING MOTION TO DISMISS

This putative class action stems from Plaintiff Marvin's Midtown Chiropractic Clinic, LLC ("Marvin's") allegation that Defendant American Family Insurance Company ("American Family") negligently issued and delivered insurance payments made pursuant to an assignment of benefits. Marvin's contends that under Mo. Rev. Stat. § 376.427, American Family should have issued and delivered payments directly to it instead of its insureds.

Now before the Court is American Family's Motion to Dismiss the Amended Complaint (Doc. 21) for lack of standing and failure to state a claim. Holding that American Family did not owe a duty to deliver payment directly to Marvin's, and that Marvin's negligence per se claim is not cognizable, Defendants' motion is GRANTED IN PART.

**Background**

The parties agree that Marvin's claims are grounded in the allegation that American Family violated Mo. Rev. Stat. § 376.427, which governs assignments of benefits made by insureds to medical providers. The parties agree that the primary purpose of the statute is to enable insured

individuals who are injured in an automobile accident to seek immediate medical treatment without worrying about how to pay for that treatment up front.

The provision at the heart of this dispute states:

> Upon receipt of an assignment of benefits made by the insured to a provider, the insurer shall issue the instrument of payment for a claim for payment for health care services in the name of the provider. All claims shall be paid within thirty days of the receipt by the insurer of all documents reasonably needed to determine the claim.

Mo. Rev. Stat. § 376.427.2. The statute defines "Insured," in relevant part, as "any person entitled to benefits under a contract of accident and sickness insurance, or medical-payment insurance issued as a supplement to liability insurance[.]" *Id.* at 376.427.1(2). "Provider" is defined as "a physician, hospital, dentist, podiatrist, chiropractor, pharmacy, licensed ambulance service, or optometrist, licensed by this state." *Id.* at § 376.427.1(4).

The Amended Complaint ("the Complaint") (Doc. 20) contends that, under this statute, American Family was required to send payment directly to Marvin's (or any other providers who obtained an assignment of benefits from an insured) once Marvin's provided the assignment form to American Family. The Complaint maintains this statutory language gives American Family "***no discretion*** to send payment for benefits to any party except for the 'Provider.'" Am. Compl. ¶ 8 (emphasis in original).

The Complaint alleges American Family insured three individuals who received treatment from Marvin's and executed an assignment of benefits in favor of Marvin's. Marvin's subsequently provided these assignments to American Family along with supporting documentation and a bill. American Family then issued and delivered payment to the insured or their attorneys, not to Marvin's. The Complaint claims that by issuing and delivering payment to the insureds, American Family inflicted "significant financial losses to Marvin's and other class

members" because of "[n]on-payment for services rendered pursuant to an assignment of benefits," and "[l]oss of time and expenses in attempting to collect for services rendered." *Id*. ¶ 45.

Count I alleges American Family acted negligently with respect to Plaintiff and the other class members by: (1) failing to issue payments in the provider's name pursuant to an assignment of benefits; and (2) delivering payments directly to the insured or their attorneys instead of the provider. Similarly, Count II alleges that American Family committed negligence per se by: (1) failing to issue payments in the provider's name pursuant to an assignment of benefits; and (2) delivering payments directly to the insured or their attorneys instead of the provider.

**Standard of Review**

Article III standing requires the plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). To establish an injury in fact, a plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548. "[A] concrete injury is required even in the context of a statutory violation." *Id*. To be concrete, an "injury must be 'de facto'; that is, it must actually exist." *Id*. If a litigant lacks Article III standing, then a federal court lacks subject-matter jurisdiction over the lawsuit and dismissal is required. *Iowa League of Cities v. EPA*, 711 F.3d 844, 869 (8th Cir. 2013).

A complaint may also be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

## Discussion

### I. The Complaint's allegations are sufficient to establish Article III standing.

American Family alleges Marvin's does not have standing because, even accepting Marvin's statutory interpretation as true, the Complaint fails to allege a harm or material risk of harm from the violations alleged. American Family contends Marvin's suggestion that it was harmed by American Family's decision to send payment to its insureds instead of directly to Marvin's is insufficient to establish standing under Article III.

This argument is unavailing. The Complaint alleges that by issuing payment directly to the insured or their attorneys instead of to Marvin's, American Family caused "significant financial losses to Marvin's and other class members" from "[n]on-payment for services rendered pursuant to an assignment of benefits," and "[l]oss of time and expenses in attempting to collect for services rendered." While these allegations may or may not be true, they are plausible and sufficient for Article III standing. The allegations establish: (1) an injury in fact, namely economic damages from non-payment for services rendered and collection costs; (2) that this injury is directly traceable to American Family's failure to send payment directly to Marvin's; and (3) this injury can be redressed by a judgment in Marvin's favor.

Accordingly, the Complaint establishes Article III standing.

**II. American Family did not owe a duty to deliver payments directly to Marvin's.**

American Family's argument that the Court should dismiss the common law negligence claim(s) in Count I has more merit. The elements of common-law negligence are duty, breach, causation, and damages. *Aragon v. Wal-Mart Stores E., LP,* 735 F.3d 807, 809 (8th Cir. 2013) (citing *Lopez v. Three Rivers Elec. Coop., Inc.*, 26 S.W.3d 151, 155 (Mo. 2000)). Whether a defendant owed the plaintiff a duty is a question of law. *Citizens Nat. Bank v. Maries Cnty. Bank,* 244 S.W.3d 266, 271 (Mo. Ct. App. 2008). American Family contends that, as a matter of law, it did not owe Marvin's a duty to deliver payment to it directly. Its brief is silent, however, as to whether it owed a common law duty to *issue* payment to Marvin's.

The Court holds that as a matter of law, American Family did not owe Marvin's a common law duty to deliver payment directly to it. Under Missouri law:

> A legal duty owed by one to another may arise from at least three sources: (1) it may be proscribed by the legislative branch [i.e., negligence per se][1]; (2) it may arise because the law imposes a duty based on the relationship between the parties or because under a particular set of circumstances an actor must exercise due care to avoid foreseeable injury; or (3) it may arise because a party has assumed a duty by contract (agreement) whether written or oral.

*Id.*[2] The Court will discuss negligence per se in part III below, and the second and third sources here.

With respect to the second source, Marvin's does not dispute that Missouri common law does not impose a duty on American Family based on its relationship to Marvin's. Missouri

---

[1] Negligence per se is a type of negligence. 57A Am. Jur. 2d Negligence § 685.

[2] The opinion does not state, "A legal duty may arise under three circumstances;" it says, "[a] legal duty owed by one to another may arise *from at least* three sources." *Compare* Suggestions in Supp. at 10, *with Citizens Nat. Bank v. Maries County Bank*, 244 S.W.3d 266, 271 (Mo. Ct. App. 2008) (emphasis added). This is a potentially meaningful difference.

common law law "recognizes a relationship between parties [sufficient to give rise to a duty of care] where one is acting for the benefit of the other." *Id*. But Marvin's has not alleged that either it or American Family was acting for the benefit of the other. Nor does Marvin's suggest that under the particular circumstances, the common law imposed a duty on American Family to exercise due care to avoid a foreseeable injury to Marvin's by issuing and paying the claims directly to Marvin's.[3] In fact, the portion of Marvin's brief concerning Count I focuses exclusively on Mo. Rev. Stat. § 376.427, essentially arguing that American Family should be liable under a theory of negligence per se. *See* Pl.'s Opp'n at 8-11 (Doc. 23) (arguing American Family had a "*statutory* duty to deliver payment directly to Marvin's" and citing "Section 376.427" five times in its two pages of briefing) (emphasis added).

With respect to the third source, there was no contract or other agreement between Marvin's and American Family from which a duty of care could arise. Hence, this source is also an empty well from which Marvin's cannot draw a duty. *See id*. at 272 ("Appellant did not allege any oral or written contract between itself and Respondent; therefore, no duty was created.").

Accordingly, that portion of Count I alleging American Family was negligent by not *delivering* payment directly to Marvin's is dismissed. But because American Family did not brief whether it owed a common law duty to *issue* payment to Marvin's, the Court declines to dismiss the remaining portion of Count I at this time.

### III. Marvin's negligence per se claim is not legally cognizable.

The Court now turns to Marvin's claim for negligence per se (Count II). To state a claim for negligence per se under Missouri law, a plaintiff must plead:

---

[3] It is arguably foreseeable that if the insurance payments were sent to the insured's instead of to Marvin's, some of the insureds might not pay Marvin's promptly. But the Complaint does not allege that any of the three individuals failed to pay their bills.

6
Case 4:17-cv-00996-DGK   Document 27   Filed 05/22/18   Page 6 of 8

> (1) the defendant violated a statute or regulation; (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or regulation; (3) the injury complained of was the type the statute or regulation was designed to prevent; and (4) the violation of the statute or regulation was the proximate cause of the injury.

*Hente v. 21st Century Centennial Ins. Co.*, 467 S.W.3d 857, 864 (Mo. App. 2015).

Before the Court can consider these elements, however, it "must first examine the statute itself to determine if it is a statute on which negligence per se may be premised." *Lowdermilk v. Vescovo Bldg. & Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo. 2002). "The doctrine of negligence per se has traditionally arisen in cases involving personal injury and physical injury to property." *Id*. The Supreme Court of Missouri has declined to extend the negligence per se to cases "which involve damage to economic interests." *Id*. (declining to extend the doctrine to cases where plaintiffs violated professional and business licensing statutes). "The test to determine whether a violation of a statute my constitute negligence per se depends on legislative intent." *Id*. A private right of action will not be implied "when it does not promote or accomplish the primary goals of the statute." *Imperial Premium Fin. Co. v. Northland Ins. Co.*, 861 S.W.2d 596, 599 (Mo. Ct. App. 1993). Ultimately, the "creation of a private right of action by implication is not favored, and the trend is away from judicial inferences that a statute's violation is personally actionable." *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944, 947 (Mo. 1982).

The Court holds § 376.427 is not a statute on which negligence per se can be premised. First, this case does not involve personal injury or physical injury to property; it concerns purely financial damages. The Missouri Supreme Court has declined to extend negligence per se to such cases, and this Court is obliged to apply Missouri law as interpreted by the Supreme Court. Second, even if the Court could extend Missouri law where its Supreme Court has declined, there

is no evidence that the legislature even intended to provide a private right of action in purely economic damage cases.  The statute itself contains no express terms, nor is there even a clear implication that the statute was intended to give medical providers a private right of action to sue insurance companies under § 376.427.  While the legislature plainly meant to make it easier for injured individuals to obtain medical care by facilitating prompt payment to medical providers from insurance companies, it did not create a right to sue.  Third and finally, although creating a private right of action would probably further the statute's primary goal, Missouri law does not favor the creation of private rights of action by the judiciary.  Consequently, Marvin's claim for negligence per se is not cognizable and must be dismissed.

Because there is no private right of action under § 376.427, the Court will not address American Family's alternate claim that the assignments utilized by Marvin's are void as a matter of public policy.

### Conclusion

For the reasons discussed above, Defendants' motion is GRANTED IN PART.  The portion of Count I alleging American Family was negligent by not delivering payment directly to Marvin's is dismissed, and Count II is dismissed in its entirety.

**IT IS SO ORDERED.**

Date:   May 22, 2018   /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT